UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:07-CR-31-H

UNITED STATES OF AMERICA                                                                                       PLAINTIFF

V.

KYMOY GRANTHAM                                                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

      Defendant, Kymoy Grantham, has been indicted on charges of bank robbery, unlawful possession of weapons and drug distribution.  Grantham has moved to suppress certain physical evidence seized during a June 2006 search of a Columbia, Missouri, apartment owned by Grantham's friend, Adeje Tart.  The Court referred the matter to the Magistrate Judge, who recommended sustaining the motion in part and denying the motion in part.  The U.S. has filed an objection to the Magistrate's Report and Recommendation.  The Court has carefully considered the issues raised by the government.  While noting that this is a close call with intricate nuances, the Court finds that the motion to suppress should be denied in its entirety.

      Largely, the Court agrees with the Magistrate and adopts his analysis of this difficult issue.  This Court's conclusion regarding the legal significance of the facts differs only slightly.  The Court agrees that Grantham had no reasonable expectation of privacy in the satchel containing marijuana and bullets, the side pocket of the large duffle bag found between the sofa and the wall of Tart's apartment, any of Grantham's personal belongings not contained in closed bags, and the undeveloped film in the camera found inside the main pocket of the duffle bag.  However, the Court finds that Grantham also did not have a reasonable expectation of privacy with regard to anything found in the main pocket of the duffle bag.  Therefore, Grantham cannot

now contest the seizure of evidence from that bag.

The Magistrate correctly shaped his opinion around the Sixth Circuit's recent decision in *United States v. Waller*, 426 F.3d 838 (6th Cir. 2005). In *Waller*, the court found that a transient defendant had a reasonable expectation of privacy in his closed luggage left at his friend's home where the defendant used that home for his daily personal needs, such as shaving, showering and brushing his teeth. Likewise, in this case, Grantham left his closed luggage at the apartment of a friend where Grantham had been staying on a semi-regular basis. However, the additional facts of this case show that its result should not be the same as the result in *Waller*. In *Waller*, the defendant stored his closed luggage in closets, never informed his friend of the contents of the luggage and never gave his friend authority to access the bag. The Sixth Circuit stressed the importance of these facts in finding that the defendant had a reasonable expectation of privacy. *Id.* at 844. Here, however, Grantham's duffle bag was stored in the open area of the apartment and he specifically gave Tart authority to access portions of the duffle bag. Thus, the critical factors for finding a reasonable expectation of privacy in *Waller* are absent here.

Based on *Waller*, the Magistrate correctly determined that if Grantham had given Tart permission to access his belongings, Grantham had no reasonable expectation of privacy in those belongings. In a letter to Tart, Grantham instructed Tart to keep his marijuana safe, allowed Tart to utilize a portion of the marijuana, instructed Tart to access the side pocket of the duffle bag to retrieve photos and send them to Grantham in jail, and authorized Tart to access and develop undeveloped film Grantham left in the apartment. From this, the Magistrate determined that Grantham gave Tart permission to access the bag containing the marijuana and, therefore, lost any reasonable expectation of privacy in that bag; and gave Tart permission to access the side

2

pocket of the duffle bag and, therefore, lost any reasonable expectation of privacy in that side pocket. The police found the disposable camera with the undeveloped film in the main pocket of the duffle bag. Because neither the location of the camera nor the actual main pocket of the duffle bag were mentioned in the letter, the Magistrate determined that Grantham retained a reasonable expectation of privacy over the main pocket of the bag. This Court does not believe that the absence of certain language in a letter warrants different conclusions under the Fourth Amendment.

First, the letter never specifically references the location of the marijuana. Still, the Magistrate correctly found that the letter gave Tart authority over the bag in which the marijuana was found. By giving Tart access to the items eventually found in the bag, Grantham clearly lost his reasonable expectation of privacy in that bag. The same is true of the disposable camera and the duffle bag. The Fourth Amendment expectations of privacy focus upon a larger scope. By giving Tart access to the disposable camera located in the duffle bag, Grantham impliedly gave Tart access to the duffle bag. Grantham lost any reasonable expectation of privacy in the duffle bag after he gave control of it to Tart.

Second, even if the disposable camera had not been found in the main pocket of the duffle bag, Grantham's undisputed grant of access to the side pocket of the bag would negate any reasonable expectation of privacy in the entire bag. A similar circumstance was presented in *Frazier v. Cupp*, 394 U.S. 731 (1969). There, the defendant argued that although his cousin had joint access to one pocket of the bag, he did not have access to, and therefore could not consent to a search of, the other pocket of the bag. The Supreme Court has emphasized that courts should look to broader issues of consent, rather than parsing precise words:

3

> We will not, however, engage in such metaphysical subtleties in judging the efficacy of [the cousin's] consent. Petitioner, in allowing [his cousin] to use the bag and in leaving it in his house, must be taken to have assumed the risk that [his cousin] would allow someone else to look inside. We find no valid search and seizure claim in this case.

*Id.* at 740. If the defendant in *Frazier* had no reasonable expectation of privacy, neither did Grantham. These are quite nuanced distinctions. However, with either result those nuances are important. Bearing these in mind, the Court concludes that the seizure of evidence from the duffle bag did not violate Grantham's Fourth Amendment rights.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Magistrate's Findings of Fact and Conclusions of Law are AFFIRMED IN PART and REVERSED IN PART. Defendant's motion to suppress is DENIED IN ITS ENTIRETY.

cc: Counsel of Record

4